IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONNA CLARK

     Plaintiff,

vs.                         CASE NO.:

TARGET CORPORATION,
A Foreign Profit Corporation

     Defendant.

_____/

## DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant, Target Corporation (hereinafter "Defendant"), by and through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Fourth Judicial Circuit, in and for Duval County, Florida. In support of the removal of this action, Defendant states as follows:

1.    Plaintiff, Donna Clark ("Plaintiff" or "Ms. Clark"), has filed a civil action in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, Case No. 16-2022-CA-001634, in which she alleges that on September 13, 2020, she was a business invitee on Defendant's premises located at 10490 San Jose Blvd, Jacksonville, Duval County, Florida, at which time she "slipped and fell on a large puddle of water that arose from a ceiling/roof leak in the Defendant's store"

(Complaint ¶¶ 4, 7-8). True and correct copies of all process and pleadings served by or upon Defendant, as provided by 28 U.S.C. § 1446(a), are attached hereto as EXHIBIT "A".

2.      Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3.      Plaintiff's complaint alleges she resides in Duval County, Florida. (Complaint ¶ 2). Defendant has attached a Westlaw report conducted on Plaintiff that shows her current address is in Jacksonville, Duval County, Florida. (EXHIBIT "B").

4.      Defendant contends the foregoing sufficiently shows Plaintiff's "true, fixed and permanent home and principal establishment . . . to which [she has] the intention of returning whenever [she is] absent therefrom" is her home within the State of Florida. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002).

5.      Defendant Target Corporation, at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Minnesota, and has its principal place of business in Minnesota.

6.      The complaint alleges the Plaintiff's damages exceed $30,000.00. (Complaint ¶ 1). Plaintiff's damages include: "bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life,

expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition." (*Id.* ¶ 16). Plaintiff claims these losses are permanent and continuing within a reasonable degree of medical probability and Plaintiff will suffer the losses in the future. (*Id.*).

7.     Prior to the lawsuit being filed, Ms. Clark provided a demand to Defendant on October 8, 2021, attached hereto as EXHIBIT "C". In the demand, Ms. Clark requested $500,000.00 to resolve her claims against Target. She claimed that she suffered lower extremity pain, neck pain, a bone contusion of her left tibia and head trauma. She was subsequently referred for a surgical consultation regarding her left foot and ankle. Plaintiff received several injections for her alleged injuries, including a right C4-C7 Medial Branch Facet Nerve Injection on December 10, 2020 and a left C4-C7 Medial Branch Injection on December 28, 2020. Ms. Clark also received a cortisone injection to her left cervical on January 11, 2021 and a left C5 and left C6 Transforaminal Epidural Injection on January 18, 2021. With regard to her head trauma, Ms. Clark was supposedly diagnosed with a concussion and post traumatic headaches after her fall. She underwent a number of diagnostic studies of her head injuries which allegedly resulted in the following diagnoses: mild cognitive impairment; abnormal cerebral function to underlying neurological status; and abnormal optokinetic voltage and abnormal pursuits.

8. On March 3, 2022, Ms. Clark reduced her demand to $250,000.00, in an email correspondence attached hereto as EXHIBIT "D".

9. Defendant does not yet have all of Ms. Clark's medical bills, but a lien from Conduent reflects an amount of $1,732.31 in medical expenses paid on Ms. Clark's behalf. The lien is attached hereto as EXHIBIT "E". Additionally, Blue Cross Blue Shield has a lien on the Plaintiff in the amount of $776.07 for medical bills paid on Ms. Clark's behalf. The lien is attached hereto as EXHIBIT "F". Defendant is in possession of the medical bills from the following, with billing attached as EXHIBIT "G".

| | |
|---|---|
| Southeast Orthopedic Specialists | $2,859.26 |
| 904 Chiropractic & Injury Center | $2,335.00 |
| Baptist Primary Care | $2,497.00 |
| VK Medical Group LLC | $9,684.96 |
| Precision Imaging Center | $1,332.79 |
| **TOTAL** | **$18,709.01** |

10. However, Ms. Clark, in her demand letter attached as Exhibit C, provided the following summary of medical expenses:

| | |
|---|---|
| St. Vincent's Urgent Care | $309.00 |
| MCB Radiology | $57.00 |
| Baptist Primary Care | $2,497.00 |
| VK Medical Group (Dr. Asad) | $9,684.96 |
| Precision Imaging | $1,333.34 |
| Southeast Orthopedic Specialist | $20,167.05 |
| 904 Chiropractic & Injury Center | $2,335.00 |
| **TOTAL** | **$36,383.35** |

11.    Ms. Clark claims she was out of work from September 13 through October 26, 2020.  She was placed on work restrictions from October 26, 2020 through November 12, 2020.  Ms. Clark alleges that she lost **$5,499.66** in income due to this incident. *See* Exhibit C.

12.    In additional to medical expenses and lost wages calculated by the Plaintiff (**$41,883.01 in total**), Plaintiff is also seeking damages for pain and suffering, which would further bring the amount in controversy to exceed the $75,000 jurisdictional requirement.  This is even without considering the $500,00.00 and $250,000.00 demands from Ms. Clark. *See* Exhibit C, D.

13.    Defendant has filed this Notice of Removal within thirty (30) days of service of Plaintiff's Complaint on March 24, 2022.

14.    Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.

15.    The United States District Court for the Middle District of Florida, Jacksonville Division, encompasses the location of the State Court action.  Thus, Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

16.    The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties.

5

Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

17.    Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April, 2022, I electronically filed the foregoing with the United States District Court, Middle District of Florida CM/ECF, and furnished to the following named addressees:

**Mario A. Errico, Esquire**
Farah & Farah, P.A.
10 West Adams Street
Jacksonville, FL 32202
Email (Primary): Merrico@farahandfarah.com
Email (Secondary): Savrodriguez@farahandfarah.com
P/F: 904-490-8835
***Attorneys for Plaintiff***

**SAALFIELD SHAD, P.A.**

***/s/ Joseph B. Stokes, III***
_____
**JOSEPH B. STOKES, III, ESQUIRE**
Florida Bar Number: 897183
Email (Primary) jstokes@saalfieldlaw.com
Email (Secondary) llovein@saalfieldlaw.com;
khosea@saalfieldlaw.com
**ANGELICA L. INCLAN, ESQUIRE**
Florida Bar Number: 1019370
245 Riverside Avenue, Suite 400
Jacksonville, FL 32202
904-355-4401 (phone)
904-355-3503 (facsimile)
***Attorneys for Defendant Target Corporation***